**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BRIDGET ROXANNE JACKMAN, : :<br><br>    Plaintiff, : :<br>v.                               : :<br>PHILIP A. HASTY, et al., : :<br>    Defendants. : : | CIVIL ACTION NO.<br>1:10-CV-2485-RWS |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Temporary Restraining Order [2], Plaintiff's Motion for Service [3], Defendants Wells Fargo Home Mortgage Inc. ("Wells Fargo"), America's Servicing Company ("ASC"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively the "Lender Defendants") Motion to Dismiss [9], Defendants Philip A. Hasty, Kathy Krueger, and Shapiro & Swertfeger, LLP's ("S&S") (collectively the "Law Firm Defendants") Motion to Dismiss [10], Plaintiff's Motion to Remand to State Court [11], Law Firm Defendants' Motion for Order [13], Plaintiff's Motion to Strike Answer to Amended Complaint [15], Plaintiff's Motion to Strike Motion to Dismiss and for Default Judgment as to

the Law Firm Defendants [19], and Plaintiff's Motion for Order [23]. Having considered the record, the Court issues the following Order.

## Background

This case arises out of a mortgage loan transaction between Plaintiff and Mortgage It, Inc. ("MII"), in which she purchased property located at 1351 Greenridge Trail, Lithonia, GA 30058 (the "Property") (the "Loan"). (Dkt. [1-9] at ¶ 15). In consideration for the Loan, Plaintiff executed a note (the "Note" (Dkt. [1-6] at 3-6)) in favor of MII in the amount of $640,000.00 and encumbered the Property with a security deed (the "Security Deed" (Dkt. [1-2] at 5-8)) in favor of MERS, as nominee for MII. The Note and Security Deed were thereafter purportedly assigned to LaSalle Bank National Association ("LaSalle"), as Trustee for Morgan Stanley Loan Trust, 2006-1AR (the "Lender") (the "Assignment"). (Dkt. [1-7] at 4-6).

The Loan went into default and the Lender began foreclosure proceedings, utilizing the Law Firm Defendants to conduct the foreclosure sale of the Property. (Dkt. [1-4]). Following the foreclosure sale, a dispossessory action was commenced against Plaintiff. (Dkt. [1-7] at 7). Thereafter, on June 28, 2010, Plaintiff filed this action. Plaintiff seeks injunctive relief to stay her eviction from the Property (Count III). Plaintiff also seeks compensatory and

2

punitive damages alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. 1692, *et seq.* (Count I), Fraud (Count II), Slander of Title (Count V), and seeks to Quiet Title to the Property (Count VI).[1]

## Discussion

### I. Plaintiff's Motion for Waiver of Service [3]

Plaintiff asks the Court to grant Plaintiff "a 'Waiver of Service' in serving Defendant SWERTFEGER AND SCOTT, PC., d/b/a, Shapiro & Swertfeger LLP." Since the Court has no such authority, Plaintiff's Motion for Waiver of Service [3] is **DENIED**.

### II. Plaintiff's Motion for TRO [2]

Plaintiff seeks "a temporary injunction to set aside the foreclosure sale, and to stop the Dispossessory proceedings . . . ." (Dkt. [1-10] at ¶ 71). Federal Rule of Civil Procedure 65(c) states: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Plaintiff does not deny that she has failed to make payments in accordance with

---

[1] Plaintiff's Amended Complaint [1-10] does not contain a cause of action enumerated as Count IV.

3

the Note she signed and has made no offer to tender any security.  Plaintiff's Motion for Temporary Restraining Order [2] is **DENIED**.  Count III of Plaintiff's Complaint seeking injunctive relief is **DISMISSED**.

Additionally, on April 21, 2009, LaSalle filed a dispossessory warrant against Plaintiff in DeKalb County State court.  Jackman v. LaSalle Bank, N.A., 683 S.E.2d 925, 926, 299 Ga. App. 894 (Ga. Ct. App. 2009).  Following a trial on the merits, the trial court issued a writ of dispossession for May 20, 2009.  Id. at 927.  Plaintiff appealed the trial court's order asserting that the foreclosure sale was wrongful and that, because she had filed an action for "fraudulent foreclosure" the dispossessory action could not proceed.  Id.  The Court of Appeals of Georgia held that "the alleged invalidity of a foreclosure sale cannot be asserted as a defense in a subsequent dispossessory proceeding."  Id.[2]  This

---

[2] The Georgia Court of Appeals noted:
The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property *until and unless the sale is set aside*. It is not germane to a dispossessory proceeding to allege that a contract under which the plaintiff claims to derive title from the defendant is void and should be canceled. If the sale of the premises under the power of sale in the loan deed was void on account of its improper exercise, or because the loan was not mature, this [can]not be set up as a defense to a dispossessory proceeding under ... OCGA §§ 44-7-50; 44-7-53.
Jackman, 683 S.E.2d at 927 (emphasis in original)(citation omitted).

4

Court will not provide Plaintiff with relief she has already been denied by two Georgia courts.

### III. Motions to Dismiss

#### A. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273

5

n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

    B.    <u>Sufficiency of Plaintiff's Complaint</u>

As an initial matter, it is not clear to the Court that there has been a proper assignment of the Security Deed or Note from MERS to LaSalle, such that LaSalle had any authority to foreclose upon the Property. The document entitled Corporate Assignment (the "Assignment" (Dkt. [9-1] at 45)), purports to transfer the Security Deed from MERS to LaSalle. After describing the desired transfer of interest, the Assignment states: "IN WITNESS WHEREOF, the undersigned [(MERS)] has caused this instrument to be executed by its duly authorized corporate officers . . . ." Signing on behalf of MERS as its Assistant Vice President is Philip A. Hasty, and attesting to the signature is Kathy Krueger, listed as MERS Assistant Secretary. As alleged by the Complaint and confirmed by Hasty and Krueger in their Motion to Dismiss [10], they are employees of Shapiro & Swertfeger, LLP, the law firm hired by the Lender to

6

conduct the foreclosure sale of the property. (Dkt. [10-1] at 2-3). The Law Firm Defendants, including Hasty and Krueger, do not allege in their Motion to Dismiss or in their Reply in Support of the Motion to Dismiss [21] that they were ever employees of MERS. Therefore, it is not clear that the Security Deed was properly transferred to LaSalle, such that it had authority to foreclose upon the Property.

          i.       Wrongful Foreclosure.

Prior to the portion of her Amended Complaint delineated "Counts," Plaintiff's Complaint contains a section entitled "Cause of Actions Common to All Counts." (Dkt. [1-9] at 5). Plaintiff alleges that the proposed foreclosure sale of the Property is unlawful because: (1) the foreclosure notice does not comply with O.C.G.A. § 44-14-162.2; (2) ASC or its counsel have not been assigned the Note and the holder of the Note is unknown and not properly identified; (3) the note and the security deed have been "split" therefore ASC is without legal standing to foreclose upon the property (Dkt. [2] at 2); and (4) the Law Firm Defendants failed to comply with her requests for documents and information.

Under Georgia law, "[i]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of

7

the parties thereto and their privies." Gordon v. S. Cent. Farm Credit, ACA, 213 Ga. App. 816, 446 S.E.2d 514, 515 (Ga. Ct. App. 1994). Plaintiff granted and conveyed to MERS the Property with power of sale. (Dkt. [9-1] at 19). The Deed Plaintiff granted to MERS states that "if necessary to comply with law or custom, MERS . . . has the right to exercise any or all of [the interests granted to MERS by the Borrower], including but not limited to, the right to foreclose and sell the Property . . . ." (Id. at 3). Plaintiff unequivocally granted MERS the power to sell the Property if she were not able to comply with the terms of the Note. Plaintiff does not contest her failure to comply with the terms of the Note. However, the foreclosure sale was not brought by MERS or an agent acting on its behalf, but rather by LaSalle pursuant to the Assignment. As noted above, it is not evident that the assignment was properly executed and therefore the Court cannot say that as a matter of law, LaSalle had any authority to foreclose upon the Property.

If the Assignment was not proper, then the notice of sale given to Plaintiff was also improper. O.C.G.A. § 44-14-162.2 ("Section 162.2") states that

> "[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor . . . . [and] shall include the

8

name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor . . . ."[3]

The notice provided to Plaintiff identifies ASC as the entity with the authority to negotiate the Loan. However, if LaSalle is not in lawful possession of the Note or Deed, then ASC, its loan servicer, has no legal authority to negotiate the Loan.

The assignment of the Security Deed from MERS to LaSalle was filed in the DeKalb County Superior Court on June 24, 2008, before the foreclosure sale on February 3, 2009. (Dkt. [9-1] at 45). However, if the security deed filed with the DeKalb County Superior Court is invalid, then Defendants have likely violated O.C.G.A. § 44-16-162(b) as well. That statute requires that "[t]he

---

[3] O.C.G.A. § 44-14-162.2(a) in its entirety states:
Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.

9

security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located." O.C.G.A. § 44-16-162(b).

ASC may be without legal standing to foreclose upon the property, but it is not because the Note and Security Deed have been "split." Plaintiff argues that since MERS only possessed the Deed, the Deed is all it could transfer to LaSalle, and because LaSalle did not also possess the Note, it could not foreclose on the Property. Magistrate Judge Alan J. Baverman rejected this argument in a Report and Recommendation adopted by Judge Julie E. Carnes. See Nicholson v. OneWest Bank, No. 1:10-cv-0795-JEC/AJB, 2010 WL 2732325, at *4 (N.D. Ga. April 20, 2010) ("[T]he nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage."). Plaintiff has failed to draw the Court's attention to any Georgia statute or decision interpreting Georgia law that precludes the holder of the security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note.

Plaintiff's argument is also foreclosed by the plain language of the Deed she granted to MERS. The plain language of the Deed granted by Plaintiff to

10

MERS recognizes that the Note is held by the "Lender," but nonetheless expressly grants MERS and its assigns "the right to foreclose and sell the Property." (Dkt. [9-1] at 19). The deed discloses no intent on the part of Plaintiff to restrict MERS or its assigns from selling the property if the Note and Deed were not in the possession of the same entity.

While Plaintiff's theory based upon the "splitting" of the Note and Deed is not valid, the Court cannot say that she has failed as a matter of law to state a claim for other violations of Georgia's foreclosure statutes. Therefore, both the Law Firm Defendants and Lender Defendants Motions to Dismiss [9, 10] are **DENIED** as to these claims.

Finally, Plaintiff appears to contend in this section of her Complaint that the Law Firm Defendants failed to comply with her requests for documents and information. To the extent Plaintiff contends that the Law Firm Defendants failed to respond to a Qualified Written Request pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, such a claim fails because RESPA does not provide for such a claim against foreclosure counsel or its employees. To the extent that she alleges these claims against the Lender Defendants, those claims are barred by *res judicata* as this same claim was dismissed with prejudice by the Superior Court of DeKalb County,

11

Georgia, in an earlier action.  (Dkt. [9-1] at 12).[4]  To the extent Plaintiff seeks to allege any RESPA claims, those claims are **DISMISSED**.

### ii. Count I - Fair Debt Collection Practices Act

The FDCPA

> regulates the practices of "debt collectors," a term that is defined as excluding repossessors and other enforcers of security interests, 15 U.S.C. § 1692a(6), except that a repossessor may not take or threaten to take nonjudicial action to dispossess a person of property if 'there is no present right to possession of the property claimed as collateral through an enforceable security interest.' § 1691f(6)(A).

Nadalin v. Auto. Recovery Bureau, Inc., 169 F.3d 1084, 1085 (7th Cir. 1999).  "[A]lthough a mortgage servicer is not a 'debt collector' under the FDCPA's general definition of the term . . . [a mortgage servicer] qualifies as a 'debt collector' for purposes of § 1692f(6)."  Selby v. Bank of Am., Inc., No. 09-cv-2079-BTM, 2010 WL 4347629, at *2 (S.D. Cal. Oct. 27, 2010).  Therefore, if ASC and the Law Firm Defendants did not have a present right to possession of the Property, their action to effect dispossession of the property constitutes the

---

[4] The copy of the order from the Superior Court does not indicate what causes of action were alleged by Plaintiff in that action, but Plaintiff in her response to the Lender Defendants' Motion to Dismiss does not argue that claims relating to any qualified written requests are not foreclosed, but rather, that this action differs from the previous one because it is based upon FDCPA claims.  (Dkt. [16] at ¶ 21).

12

use of "unfair or unconscionable means to collect or attempt to collect [a] debt," and is a violation of the FDCPA. 15 U.S.C. § 1692f(6).

Plaintiff also appears to allege that the Law Firm Defendants violated Section 1692g of the FDCPA, concerning the validation of debts. To the extent that Plaintiff made a valid request for a validation of her debt, it appears that the Law Firm Defendants complied with the requirements of 15 U.S.C. § 1692g(b), and such claim is **DISMISSED**. Finally, Plaintiff alleges that her loan number was changed by the Lender Defendants, but does not allege how such a change constitutes a violation of the FDCPA, and therefore that claim is **DISMISSED**. Defendants' Motions to Dismiss [9, 10] in regards to Plaintiff's FDCPA claims are **GRANTED in part** and **DENIED in part**.

        iii.    Count II

            a.    Fraud

Plaintiff makes several allegations that Defendants acted fraudulently. Plaintiff asserts that Defendants, without her authorization, "created, a new Note with a new loan number, bearing Plaintiff's Name and property." (Dkt. [1-9] at ¶ 43). There is no indication that Defendants created a new note and this allegation without more is insufficient to assert a claim. Plaintiff asserts that she has "reasons to believe[] that the Defendants also made false statements

13

AO 72A
(Rev.8/82)

by misrepresenting the actual date that the [Assignment] was signed," but does not allege what reasons she has to believe the date is false. (Dkt. [1-10] at ¶ 48). This allegation is also insufficient. With the particularity necessary in alleging fraud, Plaintiff has stated that Hasty and Krueger signed the Assignment as officers of MERS, when neither were employees of MERS. This allegation identifies a particular document, identifies a particular misstatement within that document, and is supported by additional factual allegations. However, this alone is not sufficient to assert a claim for fraud.

To state a claim for fraud under Geogia law, a plaintiff must plead five essential elements:

> (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; [and] (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.

Estate of Shannon v. Ahmed, 696 S.E.2d 408, 410, 304 Ga. App. 380 (Ga. Ct. App. 2010) (citation omitted). Assuming Plaintiff can prove the first three elements, Plaintiff has not alleged that she relied upon the purportedly false signatures of Hasty and Krueger to her detriment. Therefore, Plaintiff's claim for fraud is **DIMISSED**.

14

b. Georgia's Uniform Deceptive Trade Practices Act and Fair Business Practices Act.

Plaintiff attempts to assert claims under the Uniform Deceptive Trade Practices Act ("UDTPA"), O.C.G.A. § 10-1-370, *et seq*., and the Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390, *et seq*. However, both statutes do not apply to conduct subject to rules and regulations promulgated by a regulatory agency of Georgia or the United States. O.C.G.A. § 10-1-374(a)(1); O.C.G.A. § 10-1-396(1). Because the servicing of mortgages and foreclosure sales are regulated by other state and federal rules and statutes, claims relating to either are exempt from the UDTPA and FBPA. Therefore, Plaintiff's claims for violation fo the UDTPA and FBPA are **DISMISSED**.

iv. Count V - Slander of Title

"The owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." O.C.G.A. § 51-9-11. "In order to sustain an action of this kind, the plaintiff must allege and prove the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." Latson v. Boaz, 598 S.E.2d 485, 487, 278 Ga. 113 (Ga.

15

2004) (citation omitted).  Plaintiff has not alleged that she sustained any special damages and therefore fails to allege an essential element of the cause of action. Plaintiff's claim for Slander of Title is **DISMISSED**.

        v.      Count VI - Suit to Quiet Title.

Plaintiff asserts that "due to the bifurcation of the security deed and the promissory note, [she] is the sole and exclusive owner of the [P]roperty . . . ." As noted above, this "splitting" of the note and deed theory is meritless. Count VI of Plaintiff's Complaint is **DISMISSED**.

        vi.      Claims against MERS and S&S

The Lender Defendants allege that Plaintiff has failed to properly serve Defendant MERS, and therefore the Court lacks personal jurisdiction over MERS. (Dkt. [9-1] at 10).  Plaintiff, in her Response to the Lender Defendants' Motion to Dismiss [16], asserts that MERS was served, and that she has attached signed returned receipts of service.  (Dkt. [16] at 7).  However, no such proof of service is attached to Plaintiff's Response [16].  Attached to Plaintiff's Response to the Law Firm Defendants' Motion to Dismiss [18] is a notarized "Affidavit of Service" indicating that Plaintiff mailed the summons, original complaint, amended complaint, and exhibits A-T to MERS via certified mail. (Dkt. [18] at 16).  Also attached, is a confirmation of delivery to MERS.  The

16

Lender Defendants' Motion to Dismiss [9] as to MERS, because of lack of service, is **DENIED without prejudice**. The Lender Defendants may re-file the Motion on this ground, if after examining Plaintiff's Affidavit of Service, they still deem service upon MERS to be improper.

While addressed in other filings, the Law Firm Defendants do not raise insufficient service of process as to S&S in their Motion to Dismiss [10] and therefore that defense is waived. See Fed. R. Civ. P. 12(h)(1) (defense of insufficient service of process is waived if not raised in motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).

For the reasons stated above, the Motions to Dismiss [9, 10] are **GRANTED in part** and **DENIED in part**.

### IV.    Plaintiff's Motion to Remand to State Court [11]

Plaintiff's Complaint alleges claims for relief pursuant to the FDCPA, and therefore states a federal cause of action on its face. All parties that were properly served consented to the Notice of Removal. Failing to demonstrate a valid reason for remand, Plaintiff's Motion to Remand [11] is **DENIED**.

### V.    Law Firm Defendants' Motion Requesting an Order Commanding Plaintiff to Specify Her Service Address [13]

Plaintiff has identified two different addresses for herself in this action.

17

To eliminate further confusion, Plaintiff is **ORDERED** to submit to the Court one address at which she may be served with all filings in this matter within 14 days of the date of this Order.  The Law Firm Defendants' Motion [13] is **GRANTED**.

### VI.    Plaintiff's Motion to Strike and Motion for Default Judgment [15] as to the Lender Defendants

Plaintiff moves the Court to strike the Lender Defendants' Answer [8] for failure to submit an accompanying affidavit and for entry of default judgment against the Lender Defendants.  Under Georgia law, when a plaintiff files a pleading with an affidavit attached attesting to the truth of the facts stated therein, the defendant shall in like manner verify any answer.  O.C.G.A. § 9-10-111.  Following the filing of the Lender Defendants' Answer, the Law Firm Defendants removed this action to this Court.  Because the affidavit requirement is a state procedural rule, it does not apply in this Court.  Therefore, the Answer [8] filed without an affidavit is not deficient and will not be struck.  Had the Lender Defendants failed to file a proper answer in this Court, they have nonetheless filed a timely Motion to Dismiss and therefore default judgment is not appropriate.  Plaintiff's Motion to Strike and Motion for Default Judgment [15] are **DENIED**.

## VI. Plaintiff's Motion to Strike and Motion for Default Judgment [19] as to the Law Firm Defendants

The Law Firm Defendants have not yet filed an Answer to Plaintiff's Complaint and are not required to until 14 days after the date of this Order, denying in part the Law Firm Defendants Motion to Dismiss.  Plaintiff's Motion to Strike and Motion for Default Judgment [19] as to the Law Firm Defendants are **DENIED**.

## VII. Plaintiff's Motion Requesting an Order Commanding Law Firm Defendants to Specify Their Service Address [23]

The Law Firm Defendants filed a Notice of Address for Service [24], specifying the address at which Defendants Hasty, Krueger, and S&S may be served.  Therefore, Plaintiff's Motion [23] is **DENIED as moot**.

## Conclusion

For the aforementioned reasons: Plaintiff's Motion for Temporary Restraining Order [2] is **DENIED**; Plaintiff's Motion for Waiver of Service [3] is **DENIED**; the Lender Defendants' Motion to Dismiss [9] is **GRANTED in part** and **DENIED in part**; the Law Firm Defendants Motion to Dismiss [10] is **GRANTED in part** and **DENIED in part**; Plaintiff's Motion to Remand [11] is **DENIED**; the Law Firm Defendants' Motion for Order [13] is **GRANTED**; Plaintiff's Motion to Strike and Motion for Default Judgment as to the Lender

19

Defendants [15] is **DENIED**; Plaintiff's Motion to Strike and for Default Judgment as to the Law Firm Defendants [19] are **DENIED**; and Plaintiff's Motion for Order [23] is **DENIED as moot**.

**SO ORDERED**, this  8th  day of March, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE