**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BRIDGET ROXANNE :
JACKMAN, :
 :
    Plaintiff, :
 :
 : CIVIL ACTION NO.
v. : 1:10-CV-2485-RWS
 :
PHILIP A. HASTY, et al., :
 :
    Defendants. :

## **ORDER**

This case comes before the Court on Defendants Philip A. Hasty, Kathy Krueger, and Shapiro & Swertfeger, LLP's ("S&S") (collectively the "Law Firm Defendants") Motion for Reconsideration and to Extend Time to Answer Complaint [30]; Plaintiff [sic] Objection to Law Firm Defendants' 2nd Motion for Extension of Time to File Answer, and Motion for Reconsideration of Court's March 8, 2011 Order[31] (hereinafter "Plaintiff's Motion for Default Judgment");[1] and Plaintiff's Response to LawFirm Defendants' Objection, and

---

[1] This submission is styled, "Plaintiff [sic] Objection to Law Firm Defendants' 2nd Motion for Extension of Time to File Answer, and Motion for Reconsideration of Court's March 8, 2011 Order". While this submission is apparently offered in opposition to the Law Firm Defendants' Motion for Reconsideration and to Extend Time to Answer [30], its substance reveals it to be also a motion for default judgment. The Court accordingly treats it as a motion for default judgment and will refer to it as

Brief in Support of Plaintiff Objection to Defendants' Motion for Reconsideration of Court's Order [27] [sic] [36] (hereinafter "Plaintiff's Motion for Reconsideration").[2] After reviewing the Record, the Court enters the following Order.

## Background

This case arises out of a mortgage loan transaction (the "Loan") between Plaintiff and Mortgage It, Inc. ("MII"), in which she purchased property located at 1351 Greenridge Trail, Lithonia, GA 30058 (the "Property"). (Dkt. [1-9] at ¶ 15). In consideration for the Loan, Plaintiff executed a note (the "Note" (Dkt. [1-6] at 3-6)) in favor of MII in the amount of $640,000.00 and encumbered the Property with a security deed (the "Security Deed" (Dkt. [1-2] at 5-8)) in favor of MERS, as nominee for MII. The Note and Security Deed were thereafter purportedly assigned to LaSalle Bank National Association ("LaSalle"), as Trustee for Morgan Stanley Loan Trust, 2006-1AR (the "Lender") (the

---

such.

[2] This submission is styled, "Plaintiff's Response to LawFirm Defendants' Objection, and Brief in Support of Plaintiff Objection to Defendants' Motion for Reconsideration of Court's Order [27]" [sic]. In this submission, Plaintiff purports to oppose substantively the Law Firm Defendants' Motion for Reconsideration [30] and moves independently for reconsideration of the Court's March 8, 2011 Order [27]. The Court accordingly refers to this submission as Plaintiff's Motion for Reconsideration.

"Assignment"). (Dkt. [1-7] at 4-6).

The Loan went into default and the Lender began foreclosure proceedings, utilizing the Law Firm Defendants to conduct the foreclosure sale of the Property. (Dkt. [1-4]). Following the foreclosure sale, a dispossessory action was commenced against Plaintiff. (Dkt. [1-7] at 7). Thereafter, on June 28, 2010, Plaintiff filed this action. Plaintiff sought injunctive relief to stay her eviction from the Property (Count III). (Dkt. [1-10] at 12). Plaintiff also sought compensatory and punitive damages alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. 1692, *et seq.* (Count I), Fraud (Count II), Slander of Title (Count V), and sought to Quiet Title to the Property (Count VI).[3] (Dkt. [1-9] at 9; Dkt. [1-10] at 12, 15). Finally, although not enumerated in the "Counts" section of the Amended Complaint, Plaintiff also asserted a claim for wrongful foreclosure. (Dkt. [1-9] at 4).

By Order dated March 8, 2011, the Court granted in part and denied in part the Law Firm Defendants' Motion to Dismiss [10]. (Dkt. [27] at 19). The Court granted the Motion to Dismiss as to Counts II (fraud), III (request for temporary restraining order), V (slander of title), and VI (request to quiet title).

---

[3] Plaintiff's Amended Complaint [1-10] does not contain a cause of action enumerated as Count IV.

3

(Dkt. [27] at 4, 14, 15, 16). The Court, however, denied the Motion as to Plaintiff's wrongful foreclosure claim and denied it in part as to Plaintiff's FDCPA claims set out in Count I. (Id. at 11, 13). Both the Law Firm Defendants and Plaintiff now move the Court to reconsider these rulings. Plaintiff also moves the Court to enter a default judgment against the Law Firm Defendants for failing to file an answer to the Amended Complaint.

## Discussion

### I. Law Firm Defendants' Motion for Reconsideration and Extension of Time to Answer Complaint [30]

On March 22, 2011, the Law Firm Defendants filed a Motion for Reconsideration of the Court's March 8, 2011 Order [27], which denied in part the Law Firm Defendants' Motion to Dismiss [10]. In the alternative, the Law Firm Defendants move the Court to order Plaintiff to amend her Complaint to conform with the Court's March 8, 2011 Order, and to allow the Law Firm Defendants fourteen days thereafter in which to file a responsive pleading.

As stated above, the Court denied the Law Firm Defendants' Motion to Dismiss as to Plaintiff's wrongful foreclosure claim and denied it in part as to Plaintiff's FDCPA claims. (Dkt. [27] at 11, 13). Central to both of these rulings was the Court's following observation:

4

> [I]t is not clear to the Court that there has been a
> proper assignment of the Security Deed or Note from
> MERS to LaSalle, such that LaSalle had any authority
> to foreclose upon the Property. The document entitled
> Corporate Assigment . . . purports to transfer the
> Security Deed from MERS to LaSalle. . . . Signing on
> behalf of MERS as its Assistant Vice President is
> Philip A. Hasty, and attesting to the signature is Kathy
> Krueger, listed as MERS Assistant Secretary. . . .
> Hasty and Krueger . . . are employees of Shapiro &
> Swertfeger, LLP, the law firm hired by the Lender to
> conduct the foreclosure sale of the property. The Law
> Firm Defendants, including Hasty and Krueger, do not
> allege . . . that they were ever employees of MERS.
> Therefore, it is not clear that the Security Deed was
> properly transferred to LaSalle, such that it had
> authority to foreclose upon the Property.

(Id. at 6-7 (internal citations omitted)). Given its reservation as to whether the Security Deed and Note had been properly assigned to LaSalle, the Court denied the motion to dismiss as to the wrongful foreclosure claim, reasoning that if the assignment was invalid, the notice of sale was invalid under O.C.G.A. § 44-14-162.2.[4] (Id. at 8). The Court further noted that if the assignment was

---

[4] O.C.G.A. § 44-14-162.2 provides that "notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor . . . [and] shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor . . . ." The notice of sale named ASC, LaSalle's loan servicer, as the entity with authority to negotiate the Loan. But if the assignment had been invalid, such that LaSalle was not in lawful possession of the Deed or Note, then ASC would have had no legal authority to negotiate the Loan, rendering the Notice of Sale defective.

5

invalid, the Law Firm Defendants likely also violated O.C.G.A. § 44-14-162(b).[5] (Id. at 9). Similarly, with regard to the FDCPA claims, the Court reasoned that "if ASC and the Law Firm Defendants did not have a present right to possession of the Property, their action to effect dispossession of the property constitutes the use of 'unfair or unconscionable means to collect or attempt to collect [a] debt,' and is a violation of the FDCPA." (Id. at 12-13 (quoting 15 U.S.C. § 1692f and citing § 1692f(6)). Accordingly, the Court denied the motion to dismiss as to the wrongful foreclosure claim and denied it in part as to the FDCPA claims.

The Law Firm Defendants move the Court to reconsider these two rulings. They argue that the assignment of the Security Deed and Note from MERS to LaSalle was proper because Hasty and Krueger are "duly appointed officers of MERS who were authorized by MERS to assign the Security Deed into [sic] LaSalle."[6] (Dkt. [30] at 3). In support of this contention, the Law

---

[5] This section provides, "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

[6] The Law Firm Defendants also argue that Plaintiff lacks standing to challenge the validity of the Deed and Note assignment, as Plaintiff is not a party to the assignment contract. (Id. at 3-5). In light of the Court's finding that Hasty and Krueger are duly appointed officers of MERS who had authority to effect the assigment, the Court will not reach this issue.

6

Firm Defendants point to a MERS Corporate Resolution appointing Defendants Hasty and Krueger as agents with authority to execute documents relating to mortgage loans, and a copy of an "Agreement for Signing Authority" entered into pursuant to that resolution. (Dkt. [30-1] at 4-6).

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). However, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259. Furthermore, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

The Law Firm Defendants' evidence of Defendants Hasty and Krueger's authority to act as agents of MERS demonstrates that reconsideration of the

7

Court's March 8, 2011 Order is necessary. Under Georgia law, "[a] corporation may create an agent in its usual mode of transacting business and without its corporate seal." O.C.G.A. § 10-6-2. That is, the Georgia legislature has permitted corporations to create agents "in their usual mode of transacting business–i.e., shareholder action in the adoption of charters, by-laws, resolutions *and similar conduct vesting corporate agents with authority to act*." Rohm & Hass Co. v. Gainesville Paint & Supply Co., et al., 483 S.E.2d 888, 891 (Ga. App. 1997) (emphasis added). "The acts of corporate agents are valid if such agents were appointed by someone with the power and or authority to make the appointment." Id.

In this case, Defendants Hasty and Kruger were appointed as agents of MERS by a corporate resolution duly adopted by the MERS Board of Directors. (Dkt. [30-1] at 6). According to the resolution, Hasty and Krueger have authority to, among other things, "[a]ssign the lien of any mortgage loan registered on the MERS® System that is shown to be registered to Wells Fargo Home Mortgage a Division of Wells Fargo Bank, NA or its designee," and "[e]xecute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS system . . . ." (Id.). The resolution is signed by William C. Hultman, the Corporate Secretary of MERS,

8

and appears to bear the MERS corporate seal. (Id.).

The evidence thus shows that Defendants Hasty and Krueger, although not employees of MERS, were duly appointed agents of MERS who had authority to assign the Security Deed and Note to LaSalle on behalf of MERS. LaSalle thus had legal authority to foreclose on the Property. Accordingly, the Law Firm Defendants' Motion for Reconsideration [30] is **GRANTED**, and upon reconsideration, the Law Firm Defendants' Motion to Dismiss [10] is **GRANTED** as to Plaintiff's wrongful foreclosure claim and her remaining FDCPA claim–neither of which can stand given the Court's finding that the Assignment was valid.[7] The Law Firm Defendants' alternative Motion for

---

[7] Plaintiff purports to object to this Motion in several submissions to the Court, none of which was timely filed. See Plaintiff's Response to LawFirm Defendants' Objection, and Brief in Support of Plaintiff Objection to Defendants' Motion for Reconsideration of Court's Order [27] [sic] ("Plaintiff's Motion for Reconsideration"), Dkt. [36] (filed May 6, 2011); Plaintiff Objection to Law Firm Defendants' 2nd Motion for Extension of Time to File Answer, and Motion for Reconsideration of Court's March 8, 2011 Order [sic] ("Plaintiff's Motion for Default Judgment"), Dkt. [31] (filed April 15, 2011); First Amendment to Plaintiff Objection to Law Firm Defendants' 2nd Motion for Extension of Time to File Answer, and Motion for Reconsideration of Court's March 8, 2011 Order, Dkt. [32] (filed April 18, 2011). Local Rule 7.2(E) requires that a response to a motion for reconsideration be filed not later than fourteen (14) days after service of the motion. LR 7.2(E), NDGa. Despite the fact that they are untimely, the Court has nonetheless considered the contentions of these submissions and finds them to be meritless. Indeed, the Court notes that the latter two submissions (Dkt. [31] and Dkt. [32]) are completely unresponsive to the Law Firm Defendants' Motion for Reconsideration and concern, instead, only Plaintiff's Motion for Default Judgment.

Extension of Time to File An Answer [30] is **DENIED as moot**.

## II.  Plaintiff's Motion for Reconsideration [36]

In addition to the requirements of Local Rule 7.2(E) set forth in Part I, *supra*, Local Rule 7.2(E) provides that motions to reconsider "shall be filed with the clerk of the court within twenty-eight (28) days after entry of the order or judgment." LR 7.2(E), NDGa.  Plaintiff filed her Motion for Reconsideration on May 6, 2011, fifty-nine days after the Court entered its March 8, 2011 Order.  Therefore, Plaintiff's Motion for Reconsideration is **DENIED as untimely**.

## III.  Plaintiff's Motion for Default Judgment [31] as Amended [32][8]

Plaintiff urges the Court to enter a default judgment against the Law Firm Defendants, arguing that they have failed to file a timely answer to Plaintiff's Amended Complaint.  The Court has already considered and rejected this argument, and again finds it to be without merit. On September 9, 2010, Plaintiff filed a Motion for Default Judgment [19] against the Law Firm Defendants, which the Court denied in its March 8, 2011 Order [27].  The Court

---

[8] The Motion for Default Judgment is amended by Plaintiff's "First Amendment to Plaintiff Objection to Law Firm Defendants' 2nd Motion for Extension of Time to File Answer, and Motion for Reconsideration of Court's March 8, 2011 Order," Dkt. [32].

10

held, "The Law Firm Defendants have not yet filed an Answer to Plaintiff's Complaint and are not required to until 14 days after the date of this Order . . . ."  (Dkt. [27] at 19).

The Law Firm Defendants thereafter timely filed their Motion for Reconsideration [30], in which they argued in the alternative for an order requiring Plaintiff to amend the complaint to conform to the March 8, 2011 Order, and granting the Law Firm Defendants fourteen days thereafter in which to file a responsive pleading.  Because the Law Firm Defendants timely filed a Motion for Reconsideration of the March 8 Order, and sought, in the alternative, an extension of time in which to file an answer should one be required, the Court finds that their obligation to answer the Complaint was stayed until the Court could rule on their Motion.  Having now granted the Motion for Reconsideration, and on reconsideration, granted the Motion to Dismiss as to the remaining counts of the Amended Complaint, the Law Firm Defendants are not in default and have no obligation to answer the Amended Complaint.  Plaintiff's Motion for Default Judgment [31] as amended [32] is accordingly **DENIED**.

## Conclusion

The Law Firm Defendants' Motion for Reconsideration [30] is

11

**GRANTED**.  Upon reconsideration, the Law Firm Defendants' Motion to Dismiss [10] is **GRANTED** as to Plaintiff's remaining wrongful foreclosure claim and FDCPA claims.  The Law Firm Defendants' alternative Motion for Extension of Time to File Answer [30] is **DENIED as moot**.  Plaintiff's Motion for Reconsideration [36] is **DENIED**.  Plaintiff's Motion for Default Judgment [31] as amended [32] is **DENIED**.  Finally, in light of these rulings, Plaintiff's Amended Complaint [1-9], [1-10] is **DISMISSED** in its entirety as to the Law Firm Defendants.

    **SO ORDERED**, this __15th__ day of November, 2011.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)