**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BRIDGET ROXANNE JACKMAN,

    Plaintiff,

v.

PHILIP HASTY, *et al.*,

    Defendants.

:
:
:
:
:
: CIVIL ACTION NO.
: 1:10-CV-2485-RWS
:
:
:
:
:
:

## **ORDER**

This case comes before the Court on Defendants Wells Fargo Home Mortgage ("Wells Fargo"), America's Servicing Company ("ASC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, the "Lender Defendants")'s Motion for Summary Judgment [45]. After a review of the record, the Court enters the following Order.

### **Preliminary Matters**

As an initial matter, the Lender Defendants' Statement of Undisputed Material Facts in Support of Motion for Summary Judgment ("Lender Defs.' SMF") [45-2] is deemed admitted because Plaintiff has failed to file a response

thereto. See LR 56.1(B)(2)(a)(2), NDGa ("This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1)."). Accordingly, the facts in the following Background section are taken from the Lender Defendants' Statement of Undisputed Material Facts in Support of Motion for Summary Judgment.

## Background

In 2005, Plaintiff executed a security deed in favor of Defendant MERS in connection with the purchase of her home. Lender Defs.' SMF, Dkt. [45-2] ¶ 2. In 2008, Defendant MERS assigned its interest in the Security Deed to LaSalle Bank National Association ("LaSalle"). Id. ¶ 3. Plaintiff subsequently defaulted on her mortgage loan, and Defendant ASC, acting on LaSalle's behalf, accelerated Plaintiff's debt and conducted a nonjudicial foreclosure sale of her home. Id. ¶ 4.

2

On June 23, 2010, Plaintiff initiated this pro se action in the Superior Court of DeKalb County, seeking to set aside the foreclosure sale. Id. ¶ 5. Plaintiff sued the Lender Defendants as well as the attorneys (and their law firm) who allegedly participated in the foreclosure process (collectively, the "Law Firm Defendants"). The case was timely removed to this Court on the basis of diversity of citizenship. Id. ¶ 6.

In August 2010, the Lender Defendants and Law Firm Defendants both filed motions to dismiss, which the Court granted in part and denied in part on March 8, 2011. Id. ¶ 7; Order, Dkt. [27]. In that Order, the Court concluded that Plaintiff had stated claims for wrongful foreclosure and violation of the Fair Debt Collection Practices Act (FDCPA), based on Plaintiff's allegations that Hasty and Kreuger lacked authority to execute the Assignment on behalf of MERS. Lender Defs.' SMF, Dkt. [45-2] ¶ 7; Order, Dkt. [27] at 11, 13. The Law Firm Defendants then filed a Motion for Reconsideration, which the Court granted by Order dated November 15, 2011. Lender Defs.' SMF, Dkt. [45-2] ¶ 8. On reconsideration, the Court found that Hasty and Kreuger were duly appointed agents of MERS, who had authority to assign the Security Deed to LaSalle on behalf of MERS. Reconsideration Order, Dkt. [44] at 9. In light of this finding that the Assignment was valid, the Court granted the Law Firm

3

Defendants' Motion to Dismiss as to Plaintiff's two remaining claims for wrongful foreclosure and violation of the FDCPA. Id.

Because the Lender Defendants did not join in the Law Firm Defendants' Motion for Reconsideration, the same claims for wrongful foreclosure and violation of the FDCPA that were dismissed against the Law Firm Defendants remain pending against them. Lender Defs.' SMF, Dkt. [45-2] ¶ 10. On November 16, 2011, the Lender Defendants filed the present Motion for Summary Judgment [45] as to these claims, arguing as follows:

> Because Plaintiff's remaining two claims against the Lender Defendants are the identical claims dismissed by the Court in the Reconsideration Order and are based on the identical and unsupported allegation that Hasty and Kreuger lacked authority to sign the Assignment, it is indisputable that the Lender Defendants are entitled to summary judgment in their favor on these claims.

Br. in Supp. Lender Defs.' Mot. for Summ. J., Dkt. [45-1] at 4-5. Plaintiff has not filed a response.

Under Local Rule 7.1(B), any summary judgment responsive motion is due twenty-one days after service. "Failure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. Because Plaintiff has failed to respond, the Lender Defendants' Motion for Summary Judgment is deemed unopposed. An unopposed motion, however, does not mean that the

4

moving party automatically prevails; rather, the Court is still required to consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (stating that in an unopposed motion for summary judgment, the district court must "indicate that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, No. 1:11-CV-0224-CAM-ECS, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding in the motion to dismiss context that "unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims).

## Discussion

**I.      Summary Judgment Legal Standard**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259

5

(11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary

6

judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

## II. Lender Defendants' Motion for Summary Judgment

As stated in the Background section, supra, the Lender Defendants now move for summary judgment as to Plaintiff's remaining claims for wrongful foreclosure and violation of the FDCPA. Specifically, the Lender Defendants point out that Plaintiff's wrongful foreclosure and FDCPA claim rested on Plaintiff's challenge to Hasty and Kreuger's authority to assign the Security Deed to LaSalle on behalf of MERS. Lender Defs.' SMF, Dkt. [45-2] ¶¶ 3-4. In light of the Court's finding on reconsideration that Hasty and Kreuger did indeed have such authority, the Lender Defendants argue that Plaintiff's claims fail as a matter of law. Id. ¶¶ 4-5. The Court agrees.

As the Lender Defendants correctly point out, the Court initially denied the Lender Defendants' Motion to Dismiss as to the wrongful foreclosure and FDCPA claims because it was not evident to the Court that the assignment of the Security Deed to LaSalle was valid. Order, Dkt. [27] at 8-12. If the assignment had been invalid, the subsequent foreclosure of Plaintiff's home would have violated Georgia's foreclosure statutes. Id. at 8-10. Furthermore, the ensuing dispossessory action would have been an "unfair or unconscionable

7

means to collect or attempt to collect [a] debt" in violation of the FDCPA. Id. at 12-13. In the Reconsideration Order, however, the Court found that a corporate resolution duly adopted by the MERS Board of Directors had appointed Hasty and Kreuger as MERS agents, explicitly granting them the authority to assign the Security Deed and to execute any documents necessary to foreclose upon Plaintiff's home. Reconsideration Order, Dkt. [44] at 8-9.

In light of the Court's finding that the Assignment of the Security Deed to LaSalle was valid, Plaintiff's remaining claims for wrongful foreclosure and violation of the FDCPA against the Lender Defendants fail as a matter of law. Accordingly, the Lender Defendants' Motion for Summary Judgment **[45]** is hereby **GRANTED**.

## Conclusion

In accordance with the foregoing, Defendants' Motion for Summary Judgment **[45]** is **GRANTED**. The Clerk is directed to close the case.

**SO ORDERED**, this  24th  day of April, 2012.

_____
**RICHARD W. STORY**
United States District Judge

8